IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD A. JOHNSON,

                    Petitioner,

v.

STATE OF WISCONSIN,

                    Respondent.

OPINION & ORDER

18-cv-334-jdp

---

Pro se prisoner Richard Johnson has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges the legality of a conviction he received in the Circuit Court for Eau Claire County, Wisconsin. Johnson does not identify the nature of the conviction in his petition, but it is not necessary to ask him for more information because it is clear from the face of the petition that it is premature.

Johnson says that he was convicted in February 2018 and that he won't be sentenced until July 2018. This shows that Johnson has not complied with one of the requirements of filing a petition under § 2254, which is exhausting his remedies in state court. 28 U.S.C. § 2254(b)(1)(A). Johnson could not have completed the appeal process for a conviction that is not yet final.

Johnson seems to believe that he complied with the exhaustion requirement because he filed interlocutory appeals with both the Wisconsin Court of Appeals and the Wisconsin Supreme Court. But Johnson has attached the decisions of those courts, both of which rejected his appeals on the ground that they were premature. Dkt. 1-4 and Dkt. 1-17. To comply with the exhaustion requirement, Johnson must "invoke[e] one complete round of the state's *established appellate review process.*" *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (emphasis

added). Among other things, this means that Johnson must "raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits." *Bell v. Cone*, 543 U.S. 447, 451 n. 3 (2005). Because Johnson disregarded state rules regarding the timing of his appeal, he has not exhausted his state court remedies.

Accordingly, I will dismiss Johnson's petition without prejudice. After Johnson is sentenced in state court and complies will the rules for appealing his conviction, he may refile his § 2554 petition in this court if he does not obtain relief in state court.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. Because the court of appeals has held that a dismissal without prejudice for failure to exhaust is not a final order, *Gacho v. Butler*, 792 F.3d 732, 733 (7th Cir. 2015), no certificate of appealability is required.

ORDER

IT IS ORDERED that Richard Johnson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED without prejudice to Johnson's refiling it after exhausting his state court remedies.

Entered June 22, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge